### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW B. AUSTIN, | |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 21-1955 |
| PAUL HASHIM & U.S. CLAIMS SERVICES, INC., | |
| *Defendants.* | |

**PAPPERT, J.**                                                    **September 3, 2021**

### MEMORANDUM

Last year, Andrew Austin represented Dominick DeSimone in a putative class action against U.S. Claims Services and its employee Paul Hashim.  (Am. Compl. ¶ 1, ECF 4.)  The Court dismissed DeSimone's amended complaint and the Third Circuit Court of Appeals affirmed.  (*Id.* at ¶¶ 59, 83); *see DeSimone v. U.S. Claims Servs., Inc.*, No. 20-2133, 2021 WL 1662779 (3d Cir. Apr. 28, 2021).  While the appeal was pending, Hashim and U.S. Claims sued DeSimone and Austin alleging wrongful use of civil proceedings in violation of Pennsylvania's Dragonetti Act.  (Am. Compl. ¶ 63); *see Hashim v. Austin*, No. 20-cv-3812, ECF 1.  Hashim and U.S. Claims voluntarily dismissed that action in September of 2020, presumably because the Third Circuit had not yet resolved DeSimone's appeal.  (Am. Compl. ¶ 74); *see Hashim v. Austin*, No. 20-cv-3812, ECF 11.

Hashim and U.S. Claims have not re-filed their Dragonetti suit against Austin.  But, fearing they might, Austin has gone on the offensive.  He seeks a judgment declaring that he did not violate the Dragonetti Act.  Hashim and U.S. Claims move to

1

dismiss, arguing primarily that Austin's claim is not ripe for adjudication.  (ECF 6.)
The Court grants the Motion because Austin lacks Article III standing.

I

Article III of the Constitution limits the exercise of judicial power to cases and
controversies.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013); *see also
Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) ("Absent Article
III standing, a federal court does not have subject matter jurisdiction to address a
plaintiff's claims, and they must be dismissed.").  The case-or-controversy requirement
demands that plaintiffs "establish that they have standing to sue."  *Clapper*, 568 U.S. at
408 (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

To demonstrate Article III standing, a plaintiff must establish: (1) he suffered
injury-in-fact; (2) the injury is fairly traceable to the challenged action of the defendant;
and (3) it is likely, as opposed to speculative, that a favorable decision will redress the
injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "Where, as here, a
case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating
each element."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "To establish
injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally
protected interest' that is 'concrete and particularized' and 'actual or imminent, not
conjectural or hypothetical.'"  *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560); *see also
Bognet v. Sec'y Commw. of Pa.*, 980 F.3d 336, 348 (3d Cir. 2020) (explaining a plaintiff
"must be injured . . . in a way that concretely impacts [her] own protected legal
interests").

2

"Declaratory judgments are often forward-looking, but they are 'limited to cases and controversies in the constitutional sense.'" *Sherwin-Williams Co. v. County of Delaware*, 968 F.3d 264, 269 (3d Cir. 2020) (quoting *Wyatt, Virgin Islands, Inc. v. Gov't of V.I.*, 385 F.3d 801, 805 (3d Cir. 2004)) (citation omitted).  Courts may review only "concrete legal issues, presented in actual cases, not abstractions . . . .  This is as true of declaratory judgments as any other field." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (quoting *United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947)) (internal quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(1)[1] governs motions to dismiss for lack of standing because "[s]tanding is a jurisdictional matter." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  Generally, Rule 12(b)(1) motions fall into two categories: facial attacks and factual attacks.  *Id.*  "[A] facial attack 'contests the sufficiency of the pleadings,' . . . 'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with jurisdictional prerequisites." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012); *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)).  In evaluating a facial attack, a court must "apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)," *Aichele*, 757 F.3d at 358, and consider "only . . . the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," *In re Schering Plough Corp.*, 678 F.3d at 243 (quoting *Gould Elecs. Inc. v. United States*,

---

[1]      Defendants purport to bring their Motion under Rule 12(b)(6) but because it challenges the Court's jurisdiction, the Court construes it as a Rule 12(b)(1) motion.  Regardless, "standing is jurisdictional and thus may be raised *sua sponte*." *Meyer v. Delaware Valley Lift Truck, Inc.*, 392 F. Supp. 3d 483, 494 (E.D. Pa. 2019).

220 F.3d 169, 176 (3d Cir. 2000)).  In evaluating a factual attack, a court "may weigh and 'consider evidence outside the pleadings.'" *Aichele*, 757 F.3d at 358 (quoting *Gould Elecs. Inc.*, 220 F.3d at 176).

## II

Defendants' Motion is best construed as a facial attack on the Court's jurisdiction.  So the Court "accept[s] [Austin's] well-pleaded factual allegations as true and draw[s] all reasonable inferences from those allegations in [his] favor." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017). Although a complaint need only be "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Austin does not plead a "concrete and particularized" injury that is "actual or imminent." *Spokeo*, 136 S. Ct. at 1548 (quotation marks and citation omitted). Allegedly opposing counsel has—"no less than a dozen times"—threatened to bring a Dragonetti action against Austin.  (Am. Compl. ¶ 87); *see also* (*id.* at ¶¶ 43, 50, 56).  But it is unclear what injury this has or will cause.  The specter of litigation may present an Article III injury in some cases, but this is not one.

Nor is this a case in which courts in this Circuit would typically entertain a request for declaratory judgment.  Austin "is not seeking clarification of [his] rights so [he] can take some affirmative [ ] action, and any conduct for which [Defendants] might sue has already occurred." *Sherwin-Williams Co.*, 968 F.3d at 270.  Austin "is instead

4

trying to preempt [Defendant]'s supposedly imminent lawsuit with [an] affirmative defense[ he] could raise in response to any suit that might be filed.  And . . . [Austin] has failed to show that defending against a lawsuit (rather than pursuing this one) would be 'inordinately expensive and impractical.'"  *Id.* (quoting *Khodara Envt'l, Inc. v. Blakey*, 376 F.3d 187, 194 (3d Cir. 2004)).

### III

When dismissing a complaint, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile."  *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).  The decision to grant leave to amend is within the discretion of the district court.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted)

"Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'"  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *In re Merck & Co. SSec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007)).  "A proposed amendment is futile 'if the amendment will not cure the deficiency in the original complaint, or if the amended complaint cannot withstand a renewed motion to dismiss.'"  *Blake v. JPMorgan Chase Bank, N.A.*, 259 F. Supp. 3d 249, 253–54 (E.D. Pa. 2017) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)).

No amendment would save Austin's Amended Complaint.  Uncertainty regarding whether his prior lawsuit violated the Dragonetti Act has not and will not

cause him any concrete injury sufficient to establish Article III standing.  If Austin wants to "'mak[e] a vigorous defense' of Defendants' oft-threatened Dragonetti action," he will have to wait until Defendants bring a Dragonetti action.  (Am. Compl. ¶ 79.)

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.